* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

In the event that the district court finds no prejudice, and Aragon–Aviles' conviction is reinstated, in light of the fact that Aragon–Aviles was sentenced pursuant to the then-mandatory Sentencing Guidelines, the district court should reconsider Aragon–Aviles' sentence in light of *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906 (9th Cir. 2005).

Aragon–Aviles' motion for leave to file a supplemental brief and motion for expedited hearing schedule are denied.

**VACATED AND REMANDED.**

**Randy TRIMBLE, Plaintiff–Appellant,**

v.

**ARIZONA CHILD PROTECTIVE SERVICES; et al., Defendants–Appellees.**

**No. 04–17509.**

**D.C. No. CV–04–00124–PGR.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 20, 2005.

R.App. P. 34(a)(2).

Randy Trimble, Florence, AZ, pro se.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Randy Trimble, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that his daughter was denied state services. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

In his third amended complaint, Trimble alleged that Arizona authorities failed to cooperate in a Pennsylvania criminal investigation relating to alleged abuse of Trimble's daughter. Trimble also alleged that his daughter was denied state services. The district court properly dismissed the action for failure to state a claim because Trimble does not have a general right to governmental aid, *see, e.g., DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), and Trimble did not allege that defendants acted intentionally to discriminate against him based on membership in a protected class, *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order).

To the extent Trimble's third amended complaint attempted to name his daughter as a plaintiff, we note that Trimble cannot bring an action on behalf of his daughter without retaining a lawyer. *See*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Johns v. County of San Diego,* 114 F.3d 874, 877 (9th Cir.1997).

Because the district court explained the legal infirmities of Trimble's allegations in two previous orders and allowed him four opportunities to plead his case, we conclude that the district court did not abuse its discretion in dismissing Trimble's third amended complaint without leave to amend. *See In re Vantive Corp. Sec. Litig.,* 283 F.3d 1079, 1097 (9th Cir.2002) (where "plaintiffs had three opportunities to plead their best possible case," it was "not unreasonable for the district court to conclude that it would be pointless to give the plaintiffs yet another chance to amend").

Trimble's remaining contentions lack merit.

Trimble's motion filed February 22, 2005 is denied.

**AFFIRMED.**